**BRUNO TARABICHI**, CA Bar No. 215129
bruno@tmwlawfirm.com
**TMW LAW**
4750 Almaden Expy 124-359
San Jose, California 95118
Telephone:  408.634.0324
Facsimile:   408.715.6707
Attorneys for Plaintiff
Mike Sarieddine

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SARIEDDINE, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>CONNECTED INTERNATIONAL INC., a Delaware corporation; SACRAMENTO COMMUNITY CANNABIS COLLECTIVE, a California corporation; MSTMA INC., a California corporation; STOCKTON BUSINESS STRATEGIES, a California corporation; CALEB COUNTS, an individual; TED LIDIE, an individual; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. _____<br><br>**PLAINTIFF MIKE SARIEDDINE'S COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FEDERAL FALSE DESIGNATION OF ORIGIN, CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS, CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT, AND CALIFORNIA STATUTORY UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Mike Sarieddine ("Sarieddine" or "Plaintiff") by and through his attorneys, for his Complaint in this action alleges:

## THE PARTIES

1.      Sarieddine is an individual residing in California with his principal place of business at 19431 Business Center Dr., Northridge, California 91324.

2.      Defendant Connected International Inc. ("Connected") is a Delaware corporation having its principal place of business at 15 Bicentennial Circle, Sacramento, California 95826.

3.      Defendant Sacramento Community Cannabis Collective ("Connected Sacramento") is a California corporation having its principal place of business at 2831 Fruitridge Road, Suite E, Sacramento, California 95820.

4.      Defendant MSTMA Inc. ("Connected San Francisco") is a California corporation having its principal place of business at 5234 Mission Street, San Francisco, California 94112.

5.      Defendant Stockton Business Strategies ("Connected Stockton") is a California corporation having its principal place of business at 678 North Wilson Way, Suite 1A, Stockton, California 95205.

6.      Defendant Caleb Counts is an individual and the Chief Executive Officer ("CEO") of Connected Sacramento, Connected San Francisco, and Connected Stockton. According to the most recent statements of information filed with the California Secretary of State, Mr. Counts' address is 2421 17th Street, Sacramento, California 95818.

7.      Defendant Ted Lidie is an individual and the Brand Director for Connected. Mr. Lidie founded Alien Labs, which was acquired by Connected.

8.      Each of the Defendants has participated in and is in some manner responsible for the acts described in the instant Complaint and the damage resulting therefrom. Specifically, each Defendant has knowingly directed, authorized, or participated in the infringement described in this Complaint.

9.      On information and belief, each of the officers, directors, and managers of Connected, Connected Sacramento, Connected San Francisco, and Connected Stockton are the alter

ego of Connected, Connected Sacramento, Connected San Francisco, and Connected Stockton and there exists a unity of interest and ownership such that any separateness between them has ceased to exist, in that each of the officers, directors, and managers has completely controlled, dominated, managed, and operated Connected, Connected Sacramento, Connected San Francisco, and Connected Stockton since their formation for their own personal benefit.

10.     Sarieddine is ignorant of the true names of the other Defendants sued herein as Does 1–50, inclusive, and therefore, sues these Doe Defendants by such fictitious names. Additional Doe Defendants are likely to include, among others, any additional individuals who directed, authorized, or participated in the infringing conduct described in this Complaint. Sarieddine will amend this Complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367, 15 U.S.C. § 1121, as this action involves substantial claims arising under the U.S. Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., combined with related and supplemental claims for California trademark infringement and unfair competition.

12.     Defendants are subject to personal jurisdiction in this district because Defendants conduct substantial, continuous, and systematic activities in this judicial district, because Defendants reside in this judicial district, and/or because Sarieddine's causes of action contained herein arise out of or result from Defendants' contacts with this judicial district.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because most of the Defendants reside in this judicial district and all Defendants reside in the State of California. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS RELEVEANT TO ALL CLAIMS

### Sarieddine's Superior Rights in the ALIEN Marks and AREA 51 Mark

14.     Since at least as early as 2008, Mr. Sarieddine has sold superior quality electronic cigarettes, vaporizers, e-cigarette batteries, wax pens, canisters and containers, apparel, carrying

**COMPLAINT**

pouches and e-cigarette liquid ("e-liquid") in California and elsewhere in the United States, and has invested substantial resources into marketing and promoting his goods under the ALIEN VAPE trademark (the "ALIEN VAPE Mark"), often depicted with an accompanying "alien head" design and the slogan VAPE JUST GOT REAL! (the "ALIEN VAPE Design Mark"), as follows:



(the ALIEN VAPE Mark and ALIEN VAPE Design Mark are collectively referred to as the "ALIEN VAPE Marks"). As a result of his continuous use since 2008, Mr. Sarieddine owns extensive common law rights in the ALIEN VAPE Marks throughout California and the United States.

15.     Mr. Sarieddine owns two federal U.S. trademark registrations for each of the ALIEN VAPE Marks:

- U.S. Trademark Registration No. 4,997,336 for the ALIEN VAPE Mark for "Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form used to refill electronic cigarette cartridges; Electronic cigarette liquid (e-liquid) comprised of propylene glycol; Electronic cigarette liquid (e-liquid) comprised of vegetable glycerin; Electronic cigarettes; Oral vaporizers for smokers" in International Class 34; and

- U.S. Trademark Registration No 4,517,249 for the mark ALIEN VAPE Design Mark for "Electronic cigarettes vaporizers for alternative smoking" in International Class 34.

(collectively, the "ALIEN VAPE Registrations").

16.     Since at least as early as July 27, 2016, Sarieddine, through his predecessors in interest, has used the ALIEN KISS mark (the "ALIEN KISS Mark") in connection with e-liquids.

**COMPLAINT**

17.     Sarieddine owns U.S. Trademark Registration No. 6,303,522 for the ALIEN KISS Mark in connection with "Electronic cigarette liquid (e-liquid) comprised of propylene glycol; Electronic cigarette liquid (e-liquid) comprised of vegetable glycerin; Liquid nicotine solutions for use in electronic cigarettes" (the "ALIEN KISS Registration").

18.     Since at least as early as May 8, 2013, Sarieddine, through his predecessors in interest, has used the ALIEN PISS mark (the "ALIEN PISS Mark") in connection with e-liquids.

19.     Sarieddine owns U.S. Trademark Registration No. 5,149,113 for the ALIEN PISS Mark in connection with "Electronic cigarette liquid (e-liquid) comprised of propylene glycol; Electronic cigarette liquid (e-liquid) comprised of vegetable glycerin; Liquid nicotine solutions for use in electronic cigarettes" (the "ALIEN PISS Registration").

20.     The "ALIEN Marks" shall collectively refer to the ALIEN VAPE Marks, ALIEN KISS Mark, and ALIEN PISS Mark. The "ALIEN Registrations" shall collectively refer to the ALIEN VAPE Registrations, ALIEN KISS Registration, and ALIEN PISS Registration. Attached as **Exhibit A** are true and correct copies of the ALIEN Registrations

21.     Since at least as early as April 30, 2013, Sarieddine has used the AREA 51 trademark (the "AREA 51 Mark") in connection with e-liquids.

22.     Mr. Sarieddine owns U.S. Trademark Registration No. 5,081,681 for the AREA 51 Mark for "electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; electronic cigarette liquid (e-liquid) comprised of propylene glycol; electronic cigarette liquid (e-liquid) comprised of vegetable glycerin" (the "AREA 51 Registration"). Attached as **Exhibit B** is a true and correct copy of the AREA 51 Registration.

23.     The ALIEN VAPE Registrations and the AREA 51 Registration are incontestable pursuant to 15 U.S.C. § 1065. Pursuant to 15 U.S.C. § 1065, as incontestable registrations, the ALIEN VAPE Registrations and AREA 51 Registration constitute conclusive evidence of the validity of the ALIEN VAPE Marks and AREA 51 Mark, Plaintiff's ownership of the ALIEN VAPE Marks and AREA 51 Mark, and Plaintiff's exclusive right to use the ALIEN VAPE Marks

**COMPLAINT**

and AREA 51 Mark in commerce throughout the United States for the goods listed in the registrations.

24.     The ALIEN Marks and AREA 51 Mark are inherently distinctive and have developed widespread brand recognition as a brand of superior quality vaping products. Consumers and retailers throughout California and the United States recognize the ALIEN Marks and AREA 51 Mark as a source indicator of Plaintiff's popular, superior quality products.

25.     As a result of Plaintiff's superior quality products, extensive advertising and sales, and widespread and continuous use of the ALIEN Marks and AREA 51 Mark in California and the United States, the marks are extremely strong and have acquired extensive, valuable goodwill, and have become well-known and recognized as identifying Plaintiff's superior quality vaping products.

**Defendants' Adoption and Use of the Infringing ALIENLABS Mark and AREA 41 Mark**

26.     Defendant Ted Lidie created a cannabis growing business called ALIENLABS, which was acquired by Connected in 2017.

27.     After acquiring ALIENLABS, Connected began expanding the goods it offered under the ALIENLABS trademark (the "ALIENLABS Mark"). The goods now offered by Connected include, but are not limited to, the following: cannabis flowers, resin, edibles, and a host of vaping-related products, such as vaping liquids, vaping pens (i.e., vaporizers):

 

As can be seen above, Connected also uses an infringing design of an alien on its vape pen (hereinafter, the "ALIENLABS Alien Design Mark").

28.     Connected also offers vaping products under the AREA 41 trademark (the "AREA 41 Mark"):



29.     Connected's infringing ALIENLABS products and AREA 41 products are sold through three different licensed companies, Connected Sacramento, Connected San Francisco, and Connected Stockton.

30.     Defendants' repeated use of the terms ALIEN, ALIENLABS, AREA 41, and alien related images are intentionally designed to trade off Plaintiff's goodwill in his ALIEN Marks and AREA 51 Mark.

**The USPTO determines that Connected's '124 Application for ALIENLABS Mark Creates a Likelihood of Confusion with Sarieddine's ALIEN Marks**

31.     On August 31, 2020, Connected filed U.S. Application Serial No. 90/149,124 for ALIENLABS in connection with "Tobacco substitutes in the nature of hemp with a delta-9 tetrahydrocannabinol (THC) concentration of not more than 0.3 percent on a dry weight basis; Dried hemp flower for smoking with a delta-9 tetrahydrocannabinol (THC) concentration of not more than 0.3 percent on a dry weight basis; pre-rolled cigarettes containing hemp with a delta-9 tetrahydrocannabinol (THC) concentration of not more than 0.3 percent on a dry weight basis; cannabis concentrate solely derived from hemp with a delta-9 tetrahydrocannabinol (THC) concentration of not more than 0.3 percent on a dry weight basis, being electronic cigarette liquid comprised of flavorings in liquid form, other than essential oils used to refill electronic cigarette cartridges" (the "'124 Application").

32.     On April 23, 2021, the USPTO issued an office action refusing registration of Connected's ALIENLABS mark based on a likelihood of confusion with Sarieddine's ALIEN VAPE Registrations, ALIEN PISS Registration, and ALIEN KISS Registration. In doing so, the USPTO concluded that Connected's ALIENLABS mark was similar to Sarieddine's ALIEN Marks and that Connected's goods were similar to Sarieddine's goods.

33.     On October 25, 2021, Connected filed a response to the April 23, 2021 office action arguing against the likelihood of confusion refusal. On March 3, 2021, the USPTO issued a final office action maintaining the likelihood of confusion with Sarieddine's ALIEN VAPE Registrations.

34.     On September 6, 2022, Connected filed a request for reconsideration in response to the March 3, 2021 final office action. On October 1, 2022, the USPTO issued an office action maintaining the refusal. As a result, the '124 Application went abandoned.

**The USPTO determines that Connected's '115 Application for ALIENLABS Mark Creates a Likelihood of Confusion with Sarieddine's ALIEN Marks**

35.     On August 31, 2020, Connected filed U.S. Application Serial No. 90/149,115 for ALIENLABS in connection with "Electronic cigarette liquid comprised of essential oils containing CBD solely derived from hemp with a delta-9 tetrahydrocannabinol (THC) concentration of not more than 0.3 percent on a dry weight basis" (the "'115 Application").

36.     On April 22, 2021, the USPTO issued an office action refusing registration of Connected's ALIENLABS mark based on a likelihood of confusion with Sarieddine's ALIEN VAPE Registrations, ALIEN PISS Registration, and ALIEN KISS Registration. In doing so, the USPTO concluded that Connected's ALIENLABS mark was similar to Sarieddine's ALIEN Marks and that Connected's goods were similar to Sarieddine's goods.

37.     On October 21, 2021, Connected filed a response to the April 22, 2021 office action arguing against the likelihood of confusion refusal. On March 2, 2021, the USPTO issued a final office action maintaining the likelihood of confusion with Sarieddine's ALIEN VAPE Registrations.

**COMPLAINT**

38.     On September 2, 2022, Connected filed another response to the March 2, 2021 final office action. On October 1, 2022, the USPTO issued a final office action maintaining the refusal.

**Defendants' Continued Unauthorized Use of ALIENLABS and AREA 41 Creates a Likelihood of Confusion and Has Resulted in Instances of Actual Confusion**

39.     Defendants' use of the ALIENLABS Mark, ALIENLABS Alien Design Mark, and AREA 41 Mark infringe Sarieddine's prior rights in the ALIEN Marks and AREA 51 Mark.

40.     Defendants' adoption and use of the ALIENLABS Mark, ALIENLABS Alien Design Mark, and AREA 41 Mark creates a likelihood of confusion among consumers. Sarieddine's registered ALIEN Marks and AREA 51 Mark are inherently distinctive and strong marks. Defendants' are using the ALIENLABS Mark, ALIENLABS Alien Design Mark, and AREA 41 Mark in connection with identical and highly related goods, including vaporizers and e-liquids. Defendants' ALIENLABS Mark, ALIENLABS Alien Design Mark, and AREA 41 Mark are confusingly similar to Sarieddine's ALIEN Marks and AREA 51 Mark. And, on information and belief, Defendants adopted the infringing marks with an intent to trade off the goodwill of Sarieddine's marks.

41.     In fact, Defendants' infringing use has already resulted in instances of actual confusion, such as customers contacting Sarieddine regarding Defendants' products:



9

**COMPLAINT**

42.     All named Defendants have knowingly directed, authorized, and/or participated in the infringing use of the ALIENLABS Mark, ALIENLABS Alien Design Mark, and AREA 41 Mark. By virtue of such actions, these individuals and entities are liable for trademark infringement separate and apart from any liability based on alter ego or piercing the corporate veil.

**FIRST CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS**
**INFRINGEMENT OF A REGISTERED TRADEMARK**
**UNDER § 32(1) OF THE LANHAM ACT (15 U.S.C. § 1114(1))**

43.     Paragraphs 1-43, above, are realleged and incorporated by reference as if set forth in full.

44.     Sarieddine owns prior rights in the ALIEN VAPE Marks, ALIEN KISS Mark, ALIEN PISS Mark, and AREA 51 Mark. Sarieddine also owns the ALIEN VAPE Registrations, ALIEN KISS Registration, ALIEN PISS Registration, and AREA 51 Registration.

45.     By virtue of the registered status of Sarieddine's ALIEN Marks and AREA 51 Mark, Defendants have constructive notice of Sarieddine's rights in the ALIEN Marks and AREA 51 Mark. Moreover, because Sarieddine's registrations issued well before Defendants adopted the ALIENLABS Mark and AREA 41 Mark, Defendants had such constructive notice well before adopting and using the infringing ALIENLABS Mark and AREA 41 Mark. By acting with such notice, Defendants have willfully and deliberately infringed Sarieddine's ALIEN Marks and AREA 51 Mark.

46.     Defendants' use of the confusingly similar ALIENLABS Mark and AREA 41 Mark in connection with identical and highly related goods is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Sarieddine and Defendants and as to origin, sponsorship, or approval of Defendants' goods by Sarieddine. In addition, Defendants' infringement is likely to cause, *inter alia*, subliminal and associational confusion, forward confusion, reverse confusion, initial interest confusion, point-of-sale confusion, and post-sale confusion. As such, Defendants' ALIEN LABS Mark and AREA 41 Mark infringe Sarieddine's ALIEN Marks and AREA 51 Mark and the ALIEN Registrations and AREA 51 Registration.

**COMPLAINT**

47.    Defendants' aforesaid acts have caused and will continue to cause Sarieddine to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a temporary restraining order, preliminary injunction, and/or permanent injunction, such acts will be continued and Sarieddine will continue to suffer damages and irreparable injury.

### SECOND CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS
### FALSE DESIGNATION OF ORIGIN
### UNDER § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

48.    Paragraphs 1–47, above, are realleged and incorporated by reference as if set forth in full.

49.    Sarieddine owns common law trademark rights in the ALIEN Marks and AREA 51 Mark in connection with e-liquids and vaporizers.

50.    Sarieddine's trademark rights in the ALIEN Marks and AREA 51 Mark predate any trademark rights by Defendants in the infringing ALIENLABS Mark and AREA 41 Mark.

51.    Defendants' use of the confusingly similar ALIENLABS Mark and AREA 41 Mark in interstate commerce in connection with identical and highly related goods is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Sarieddine and Defendants and as to origin, sponsorship, or approval of Defendants' goods by Sarieddine.  In addition, Defendants' infringement is likely to cause, *inter alia*, subliminal and associational confusion, forward confusion, reverse confusion, initial interest confusion, point-of-sale confusion, and post-sale confusion. As such, Defendants' ALIENLABS Mark and AREA 41 Mark infringe Sarieddine's ALIEN Marks and AREA 51 Mark, constituting a false designation of origin.

52.    Defendants' aforesaid acts have caused and will continue to cause Sarieddine to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a temporary restraining order, preliminary injunction, and/or permanent injunction, such acts will be continued and Sarieddine will continue to suffer damages and irreparable injury.

**COMPLAINT**

### THIRD CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS
### CALIFORNIA COMMON LAW
### TRADEMARK INFRINGEMENT

53.     Paragraphs 1–52, above, are realleged and incorporated by reference as if set forth in full.

54.     Sarieddine owns California common law trademark rights in the ALIEN Marks and AREA 51 Mark in connection with e-liquids and vaporizers.

55.     Sarieddine's trademark rights in the ALIEN Marks and AREA 51 Mark predate any trademark rights by Defendants in the infringing ALIENLABS Mark and AREA 41 Mark.

56.     Defendants' use of the confusingly similar ALIENLABS Mark and AREA 41 Mark in California commerce in connection with identical and highly related goods is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Sarieddine and Defendants and as to origin, sponsorship, or approval of Defendants' goods by Sarieddine.  In addition, Defendants' infringement is likely to cause, *inter alia*, subliminal and associational confusion, forward confusion, reverse confusion, initial interest confusion, point-of-sale confusion, and post-sale confusion. As such, Defendants' ALIENLABS Mark and AREA 41 Mark infringe Sarieddine's ALIEN Marks and AREA 51 Mark under California common law.

57.     Defendants' aforesaid acts have caused and will continue to cause Sarieddine to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a temporary restraining order, preliminary injunction, and/or permanent injunction, such acts will be continued and Sarieddine will continue to suffer damages and irreparable injury.

58.     Defendants have acted with malice, oppression, and fraud, as defined in California Civil Code § 3294, and willfully and with the intent to cause injury to Sarieddine, thereby warranting an assessment of punitive damages in an amount appropriate to punish each Defendant and to deter others from engaging in similar conduct.

**COMPLAINT**

## FOURTH CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS
### STATUTORY UNFAIR COMPETITION
### UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

59.     Paragraphs 1–58, above, are realleged and incorporated by reference as if set forth in full.

60.     As detailed throughout this Complaint, Defendants have infringed Sarieddine's ALIEN Marks and AREA 51 Mark by using the confusingly similar ALIENLABS Mark and AREA 41 Mark in connection with identical and highly related goods. Defendants' acts and conduct constitute "unlawful, unfair, or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue, or misleading advertising" within the meaning of California Business and Professions Code §17200 *et seq*.

61.     Defendants' aforesaid acts have caused and will continue to cause Sarieddine to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a temporary restraining order, preliminary injunction, and/or permanent injunction, such acts will be continued and Sarieddine will continue to suffer damages and irreparable injury.

## FIFTH CLAIM FOR RELIEF – AGAINST CONNECTED
### CANCELLATION OF U.S. REGISTRATION NOS. 6,315,271, 6,315,466, & 6,315,464
### UNDER § 1 OF THE LANHAM ACT (15 U.S.C. § 1064)

62.     Paragraphs 1-61, above, are realleged and incorporated by reference as if set forth in full.

63.     Sarieddine owns the ALIEN VAPE Registrations, which are incontestable. In this regard, U.S. Registration No. 4,517,249 for the ALIEN VAPE Design Mark was filed on May 2, 2013, registered on April 22, 2014, and became incontestable on August 5, 2020; U.S. Registration No. 4,997,336 for the ALIEN VAPE Mark was filed on November 17, 2015, registered on July 12, 2016, and became incontestable on July 12, 2022.

64.     On August 31, 2020—over seven years after Sarieddine first filed for the ALIEN VAPE Design Mark, Connected filed U.S. Application Serial No. 90/149,209 for ALIENLABS for

**COMPLAINT**

"tobacco jars; smokers' rolling trays." On April 6, 2021, the application registered as U.S. Registration No. 6,315,271.

65.     On September 10, 2020—over seven years after Sarieddine first filed for the ALIEN VAPE Design Mark, Connected filed U.S. Application Serial No. 90/172,137 for ALIENLABS for "Online retail store services featuring t-shirts, hats, bags, shorts, socks, tobacco jars, smokers' rolling tray." On April 6, 2021, the application registered as U.S. Registration No. 6,315,466.

66.     On September 10, 2020—over seven years after Sarieddine first filed for the ALIEN VAPE Design Mark, Connected filed U.S. Application Serial No. 90/172,060 for ALIENLABS for "t-shirts, shorts, hats, sweatshirts, hoodies, sweatpants, socks." On April 6, 2021, the application registered as U.S. Registration No. 6,315,464.

67.     Sarieddine has prior rights in the ALIEN VAPE Marks by virtue of his earlier-filed and earlier-registered ALIEN VAPE Registrations, as well as his common law rights dating back to 2008. Connected's improperly granted U.S. Registration Nos. 6,315,271, 6,315,466, and 6,315,464 create a likelihood of confusion and should have been rejected pursuant to 15 U.S.C. § 1052(d).

68.     Pursuant to 15 U.S.C. § 1064, Sarieddine seeks an order from this Court directing the U.S. Patent and Trademark Office to cancel U.S. Registration Nos. 6,315,27, 6,315,466, and 6,315,464.

## **PRAYER FOR RELIEF**

WHEREFORE, Sarieddine prays for judgment against Defendants and relief as follows:

(i)      that pursuant to 15 U.S.C. § 1116 and its inherent equitable powers, the Court issue a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining Defendants from using the ALIENLABS Mark, ALIENLABS Alien Design Mark, and AREA 41 Mark, as well as any names or marks confusingly similar to Sarieddine's ALIEN Marks and AREA 51 Mark;

(ii)     that Defendants be ordered to remove and/or deliver up for destruction all advertisements, packaging, labels, materials, and other articles bearing the ALIENLABS Mark,

ALIENLABS Alien Design Mark, and AREA 41 Mark, as well as any names or marks confusingly similar to Sarieddine's ALIEN Marks and AREA 51 Mark;

(iii)    that pursuant to 15 U.S.C. § 1117(a), Sarieddine recover Defendants' profits and such sums in addition thereto as the Court shall find just;

(iv)    that pursuant to 15 U.S.C. § 1117(a), Sarieddine recover the damages sustained in an amount to be proven at trial;

(v)    that pursuant to 15 U.S.C. § 1117(a), Sarieddine recover the costs of this action, including reasonable attorneys' fees and interest;

(vi)    that the Court declare that Defendants' use of the ALIENLABS Mark, ALIENLABS Alien Design Mark, and AREA 41 Mark infringe Sarieddine's trademark rights in the ALIEN Marks and AREA 51 Mark;

(vii)    that, pursuant to 15 U.S.C. § 1064, this Court direct the U.S. Patent and Trademark Office to cancel U.S. Registration Nos. 6,315,27, 6,315,466, and 6,315,464;

(viii)    that pursuant to California Business & Professions Code § 17200 *et seq*., Sarieddine be awarded restitution;

(ix) that pursuant to California Civil Code § 3294, the Court award punitive damages against Defendants; and

(x)    that Sarieddine be awarded his costs and attorneys' fees as allowable by law; and such other and further relief that this Court may deem just and equitable.


Dated: December 6, 2022                                Respectfully submitted,

                                                       TMW LAW


By _____
                                                       Bruno Tarabichi
                                                       Attorneys for Plaintiff
                                                       Mike Sarieddine

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

Dated: December 6, 2022

Respectfully submitted,

TMW LAW

By _____
Bruno Tarabichi
Attorneys for Plaintiff
Mike Sarieddine

**COMPLAINT**

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,517,249**

**Registered Apr. 22, 2014**

SARIEDDINE, MIKE (UNITED STATES INDIVIDUAL)
22704 VENTURA BLVD # 333
WOODLAND HILLS, CA 91364

**Int. Cl.: 34**

FOR: ELECTRONIC CIGARETTES VAPORIZERS FOR ALTERNATIVE SMOKING, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

**TRADEMARK**

FIRST USE 4-30-2013; IN COMMERCE 4-30-2013.

**PRINCIPAL REGISTER**

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "VAPE", APART FROM THE MARK AS SHOWN.

THE COLOR(S) GREY, DARK BLUE, BABY BLUE, AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF A GREY ALIEN FACE WITH EYES THAT ARE DARK BLUE, BABY BLUE, AND WHITE, WITH THE ALIEN FACE NEXT TO THE WORDING "ALIEN VAPE" IN GREY, WHICH IS ABOVE THE WORDING "VAPE JUST GOT REAL!" IN GREY.

SER. NO. 85-921,161, FILED 5-2-2013.

LINDSEY BEN, EXAMINING ATTORNEY



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**



# United States of America

### United States Patent and Trademark Office

# ALIEN VAPE

**Reg. No. 4,997,336**

**Registered July 12, 2016**

**Int. Cl.: 34**

**TRADEMARK**

**PRINCIPAL REGISTER**

SARIEDDINE, MIKE (UNITED STATES INDIVIDUAL)
22704 VENTURA BLVD
# 373
WOODLAND HILLS, CA 91364

FOR: ELECTRONIC CIGARETTE LIQUID (E-LIQUID) COMPRISED OF FLAVORINGS IN LIQUID FORM USED TO REFILL ELECTRONIC CIGARETTE CARTRIDGES; ELECTRONIC CIGARETTE LIQUID (E-LIQUID) COMPRISED OF PROPYLENE GLYCOL; ELECTRONIC CIGARETTE LIQUID (E-LIQUID) COMPRISED OF VEGETABLE GLYCERIN; ELECTRONIC CIGARETTES; ORAL VAPORIZERS FOR SMOKERS, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 4-15-2013; IN COMMERCE 4-15-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "VAPE", APART FROM THE MARK AS SHOWN.

SER. NO. 86-823,686, FILED 11-17-2015.

ROBERT STRUCK, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# ALIEN KISS

**Reg. No. 6,303,522**

**Registered Mar. 30, 2021**

**Int. Cl.: 34**

**Trademark**

**Principal Register**

Big Bang E-Cigs, LLC  (GEORGIA LIMITED LIABILITY COMPANY)
10 Pine Island Court
Roswell, GEORGIA 30076

BIG BANG VAPE CO., LLC  (GEORGIA LIMITED LIABILITY COMPANY)
4000 Northfield Way
Suite 100
Roswell, GEORGIA 30076

CLASS 34: Electronic cigarette liquid (e-liquid) comprised of propylene glycol; Electronic cigarette liquid (e-liquid) comprised of vegetable glycerin; Liquid nicotine solutions for use in electronic cigarettes

FIRST USE 7-27-2016; IN COMMERCE 7-27-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-131,438, FILED 08-08-2016





Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office



# United States of America

## United States Patent and Trademark Office

# ALIEN PISS

**Reg. No. 5,149,113**

**Registered Feb. 28, 2017**

**Int. Cl.: 34**

**Trademark**

**Principal Register**

Big Bang E-Cigs, LLC (GEORGIA LIMITED LIABILITY COMPANY)
10 Pine Island Court
Roswell, GA 30076

CLASS 34: Electronic cigarette liquid (e-liquid) comprised of propylene glycol; Electronic cigarette liquid (e-liquid) comprised of vegetable glycerin; Liquid nicotine solutions for use in electronic cigarettes

FIRST USE 5-8-2013; IN COMMERCE 5-8-2013

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 86-859,445, FILED 12-28-2015
AARON ELI ROSENTHAL, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# EXHIBIT B

# United States of America

## United States Patent and Trademark Office

# AREA 51

**Reg. No. 5,081,681**

**Registered Nov. 15, 2016**

**Int. Cl.: 34**

**Trademark**

**Principal Register**

Sarieddine, Mike (UNITED STATES INDIVIDUAL)
22704 Ventura Blvd # 333
Woodland Hills, CA 91364

CLASS 34: Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarette liquid (e-liquid) comprised of propylene glycol; Electronic cigarette liquid (e-liquid) comprised of vegetable glycerin

FIRST USE 4-30-2013; IN COMMERCE 5-30-2013

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 86-964,698, FILED 04-05-2016
PAUL E FAHRENKOPF, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office