UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SARIEDDINE,<br><br>    Plaintiff,<br><br>    v.<br><br>CONNECTED INTERNATIONAL INC., et al.,<br><br>    Defendants. | No. 2:22-cv-02168-DJC-AC<br><br>ORDER |
| CONNECTED INTERNATIONAL INC., et al.,<br><br>    Counterclaimants,<br><br>    v.<br><br>MIKE SARIEDDINE, et al.,<br><br>    Counterdefendants. | |

   Plaintiff, who sells nicotine-related products under the trademark ALIEN VAPE and other related marks, has brought this trademark infringement action against Defendants, who sell cannabis-related products under ALIENLABS and other related marks, alleging there is a likelihood of confusion between the marks. Plaintiff previously moved for a preliminary injunction to enjoin Defendants' use of their marks,

1

which the Court denied. Plaintiff appealed that denial, and now seeks a stay in this Court pending the Ninth Circuit's review, arguing the Ninth Circuit's decision will provide helpful guidance for the Parties and this Court on central issues in this case and that a short stay will not prejudice either Party. Defendants oppose, arguing a stay will hinder their ability to obtain timely relief on their counterclaims which are unrelated to the appeal and will provide limited guidance to the Parties and Court moving forward.

Having considered the Parties' briefings, the Court finds that imposing a stay would unduly prejudice Defendants while providing Plaintiff and the Court with only minor benefits. Accordingly, the Court will deny the request to stay.

## BACKGROUND

Plaintiff brought this action on December 6, 2022, and subsequently filed a Motion for Preliminary Injunction on July 3, 2024, seeking to enjoin Defendants from "any and all use of the ALIENLABS and AREA 41 trademarks." (ECF Nos. 1, 43.) The Court denied Plaintiff's Motion for Preliminary Injunction on September 19, 2024, finding Plaintiff had not established a likelihood of confusion between his and Defendants' marks under *AMF Incorporated v. Sleekcraft Boats ("Sleekcraft")*, 599 F.2d 341 (9th Cir. 1979). (ECF No. 49.) Plaintiff appealed the Court's denial of a preliminary injunction on October 21, 2024. (ECF No. 53.) Plaintiff now moves to stay this action pending that appeal. (Mot. Stay (ECF No. 77).) Plaintiff's Motion to Stay is fully briefed and was submitted on the papers under Local Rule 230(g). (ECF No. 85.)

## LEGAL STANDARD

When a party files an interlocutory appeal from the denial of a motion for a preliminary injunction, a stay is "not a matter of right . . . ." *Nken v. Holder*, 556 U.S. 418, 433 (2009). The decision to grant a stay "is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.* "The moving party has the burden of persuading the court that

2

the circumstances of the case justify a stay." *Cesca Therapeutics Inc. v. SynGen Inc.*, No. 2:14-CV-2085-TLN (KJNx), 2017 WL 1174062, at *2 (E.D. Cal. Mar. 30, 2017).

      District courts in this circuit follow one of two standards when evaluating a motion to stay pending an interlocutory appeal: the *Nken* test or the *Landis* test. The Ninth Circuit has not addressed which test applies for a motion to stay proceedings. *See Mobilize the Message LLC v. Bonta*, No. 2:21-cv-05115-VAP-JPR(X), 2021 WL 6104312, at *1–2 (C.D. Cal. Sept. 17, 2021). However, in *Flores v. Bennett*, Judge Thurston authored a published opinion considering the applicable test for a stay at the district court level pending interlocutory appeal of a district court order. 675 F. Supp. 3d 1052 (E.D. Cal. 2023). *Flores* noted a split in authority regarding the applicable test but ultimately concluded, persuasively, that the *Landis* test is appropriate for a district court considering a stay of proceedings, whereas the *Nken* test was applicable to stay an injunction or judgment pending appeal. *Id.* at 1056–57 ("Because the district courts that have addressed both tests have consistently applied *Nken* only to stays of judgments and *Landis* to stays of proceedings, the Court uses the *Nken* factors to evaluate Defendants' request to stay enforcement of the preliminary injunction and relies on the *Landis* test to evaluate the request to stay the proceedings pending the interlocutory appeal."); *see also Hart v. Charter Commc'ns, Inc.*, No. SA CV 17-0556-DOC (RAOx), 2019 WL 7940684, at *4 (C.D. Cal. Aug. 1, 2019) (although some district courts continue to apply the *Nken* test, "*Landis* was decided specifically to guide courts deciding on whether to stay proceedings," and it is the "growing consensus of the district courts in this Circuit" to apply *Landis* when evaluating a motion to stay proceedings).

      Here, Plaintiff seeks a stay of the proceedings, not the effect of a judgment or injunction. Thus, the Court will apply the *Landis* test, which counsels courts to consider "the competing interests which will be affected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go

forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A court may issue a stay of proceedings in the interests of efficiency and fairness when a "pending resolution of independent proceedings [] bear[s] upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864. The *Landis* factors guide the analysis of when a stay is appropriate and include: (1) the possible damage of granting the stay; (2) the hardship or inequity on the movant by not granting the stay; (3) the orderly course of justice. *Lockyer*, 398 F.3d at 1110.

## I. Possible Damage from Granting a Stay and Hardship or Inequity from Denial of a Stay

Plaintiff argues no damage will result from granting the requested stay because (1) given that the preliminary injunction was denied, Defendants have not been required to discontinue use of their ALIENLABS and AREA 41 marks; (2) this case is still at its infancy and the pleadings have not yet been set; and (3) the stay will be relatively short as the Ninth Circuit has set oral argument for May 16, 2025, which indicates a decision should issue sometime in the summer of 2025. (Mot. Stay at 3–4; Reply Mot. Stay (ECF No. 84) at 1–2.) Plaintiff also argues that, if no stay is imposed, he will be required to engage in possibly unnecessary discovery and motion practice based on this Court's purportedly incorrect analysis and evaluation of the *Sleekcraft* factors. (Mot. Stay at 4.)

The Court is unpersuaded by Plaintiff's position. Defendants argue in opposition that a stay will hinder their ability to obtain timely relief for their trademark counterfeiting, copyright infringement, and unfair competition counterclaims, which are unrelated to the issues raised by Plaintiff on appeal. (Opp'n Mot. Stay (ECF No. 82) at 8-9.) In particular, Defendants argue they recently amended their counterclaims to assert these claims based on a website, www.alienvapestore.com, discovered during their ongoing investigation of Plaintiff's claims. (*Id.* at 3.) Defendants allege the website purports to offer Defendants' ALIENLABS products for sale without authorization in connection with Plaintiff's ALIEN VAPE mark. (*Id.*) Defendants further allege the website was registered on September 28, 2024, just nine days after this Court's order denying Plaintiff's request for injunctive relief for failing to demonstrate a likelihood of confusion of the Parties' marks. (*Id.* at 3-4.) Defendants argue that, "[o]n information and belief Plaintiff, Alien Vape LLC or someone associated with them created and/or controls the Infringing Website in a bad faith attempt to manufacture evidence of confusion." (*Id.* at 4.) Plaintiff does not address or rebut this alleged harm in his Reply. (*See* Reply at 1-4.) Thus, the Court finds that imposing a stay may risk prolonging any harm Defendants will suffer from the unlawful use of their marks.

Further, the Court must weigh the possibility of damage to Defendants against Plaintiff's claim of undue hardship. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed."). Given that Defendants have argued they will suffer damage from the imposition of a stay, Plaintiff has a more difficult road to establishing undue hardship. *Lockyer*, 398 F.3d at 1112 ("'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" (quoting *Landis*, 299 U.S. at 255)). The Ninth Circuit has determined that simply "being required to defend a suit does not constitute a 'clear

case of hardship or inequity' within the meaning of *Landis*." *Id.*; *Fed. Trade Comm'n v. Cardiff*, No. EDCV 18-2104-DMG (PLAx), 2020 WL 5417125, at *4 (C.D. Cal. Sept. 9, 2020). Plaintiff therefore cannot point to the ordinary burdens of the litigation process, which he has undertaken himself, as evidence of hardship or inequity. Conducting "'substantial, unrecoverable, and wasteful' discovery and pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay." *Finder v. Leprino Foods Co.*, No. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104, at *4 (E.D. Cal. Jan. 20, 2017) (quoting *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-cv-01282-KJM-AC, 2015 WL 5103157, at *4 (E.D. Cal. Aug. 31, 2015)). However, Plaintiff has not shown that the Ninth Circuit's ruling could possibly moot any key issues in the underlying litigation. Rather, Plaintiff argues the Ninth Circuit's ruling will provide helpful guidance the litigation moving forward, as it will clarify the interpretation and determination of the *Sleekcraft* likelihood of confusion factors that are at the heart of this case. (*See* Mot. Stay at 4; Reply Mot. Stay at 1.) While this may be true, it is insufficient to outweigh the possible harm facing Defendants from a stay.

Thus, the Court finds the first two *Landis* factors weigh against imposing a stay.

## II.     Orderly Course of Justice

The third *Landis* factor considers the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. "[W]hile it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). A *Landis* stay is inappropriate if another proceeding is "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court." *Lockyer*, 398 F.3d at 1113. "[C]ourts typically stay cases when the outcome of another proceeding will have preclusive effect on the pending issues." *Flores*, 675 F. Supp. 3d

6

at 1063; *see also, e.g., Safari Club Int'l v. Bonta*, No. 2:22-cv-01395-DAD-JDP, 2023 WL 3505373, at *1 (E.D. Cal. May 17, 2023) (granting stay where the interlocutory appeal of the court's denial of the preliminary injunction "contained all of the substantive legal issues in dispute in this litigation"); *Andrade Rico*, No. 2:17-cv-1402-KJM-DB, 2019 WL 4127206, at *5, 8 (E.D. Cal. Aug. 30, 2019) (staying proceedings pending interlocutory appeal where the merits of plaintiffs' claims were intertwined with the questions of qualified immunity on appeal because a grant of qualified immunity would result in dismissal of the claims).

      Here, Plaintiff argues the Court should stay these proceedings as "the Ninth Circuit's decision on Plaintiff's interlocutory appeal will facilitate the orderly course of justice by simplifying the issues, proof, and questions of law," namely application of the *Sleekcraft* likelihood of confusion factors. (Mot. Stay at 5.) Plaintiff argues that the "Ninth Circuit's view on these factual and legal issues will be important in informing the case moving forward," in particular when the Parties reach the summary judgment stage. (*Id.*) Plaintiff also argues the Ninth Circuit's decision may motivate the Parties to settle. (*Id.* at 5–6.)

      While the Ninth Circuit's guidance will certainly be helpful, Plaintiff has not demonstrated it will have preclusive effect on the issues in dispute here. As Defendants argue, "Plaintiff's appeal does not involve a certified or unsettled question of law, but rather addresses denial of injunctive relief in a trademark matter analyzed under the abuse of discretion standard." (Opp'n Mot. Stay at 10.) This is insufficient to justify a stay here. *Cf. Safari Club Int'l*, 2023 WL 3505373, at *1 ("Because this case primarily involves questions of law that are pending on appeal, a stay of the proceedings until those questions are resolved will conserve judicial and party resources."); *Wilhoite v. Xiaodi Hou*, No.: 3:23-cv-02333-BEN-MSB, 2024 WL 2869986, at *4 (S.D. Cal. June 6, 2024) (staying case under *Landis* where "where the Ninth Circuit's decision regarding either the forum selection clause issue or the derivative standing issue would effectively dismiss the case from this Court"). In particular, the

Court is mindful of the Ninth Circuit's repeated admonition in the context of a stay pending appeal of a preliminary injunction "not to delay trial preparation to await an interim ruling on a preliminary injunction" because preliminary injunctions often involve a limited review of the factual record and "may provide little guidance as to the appropriate disposition on the merits." *California v. Azar*, 911 F.3d 558, 583–84 (9th Cir. 2018).

Thus, the third *Landis* factor also weighs counter to granting a stay.

**CONCLUSION**

In accordance with the above, it is hereby ORDERED that Plaintiff's Motion to Stay (ECF No. 77) is DENIED.

IT IS SO ORDERED.

Dated:   **March 28, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Sarieddine22cv2168.MotStay