UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SARIEDDINE,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>CONNECTED INTERNATIONAL INC., et al.,<br><br>　　　Defendants. | No. 2:22-cv-02168-DJC-AC<br><br>ORDER |
| CONNECTED INTERNATIONAL INC., et al.,<br><br>　　　Counterclaimants,<br><br>　　　v.<br><br>MIKE SARIEDDINE, et al.,<br><br>　　　Counterdefendants. | |

　　　Defendants in this trademark infringement action have moved to dismiss Plaintiff's claims relating to two of his marks, arguing that Plaintiff's federal trademark registration for one mark has been cancelled and therefore cannot support his Lanham Act claim for infringement of that mark, and that Plaintiff has insufficiently pled priority of use in the other mark.  Plaintiff, in turn, has moved to dismiss

1

Defendants' counterclaims, arguing that Defendants largely lack standing to assert their counterclaims and that many of the counterclaims are insufficiently pled.

Having considered the Parties' briefings, the Court will grant Defendants' Motion to Dismiss in whole and will also grant Plaintiff's Motion to Dismiss in part.

## BACKGROUND

The factual background of this matter is well known to the Parties and the Court.  As is relevant here, Plaintiff Mike Sarieddine, who sells nicotine-related products under several trademarks including an ALIEN VAPE Mark, ALIEN VAPE Design Mark, ALIEN KISS Mark, ALIEN PISS Mark, AREA 51 Mark, and ALIEN Mark, brought this trademark infringement action on December 6, 2022, against Defendants Connected International Inc. ("Connected"), Sacramento Community Cannabis Collective, MSTMA INC., Stockton Business Strategies, Caleb Counts, Ted Lidie, and Twenty Sixty-Nine, LLC, who sell cannabis-related products under an ALIENLABS Mark and AREA 41 Mark, alleging there is a likelihood of confusion between the Parties' marks.  (ECF No. 1.)  Plaintiff filed his operative Second Amended Complaint on November 14, 2024, alleging seven causes of action for infringement of a registered trademark under section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); California Common Law Trademark Infringement; Statutory Unfair Competition under California Business and Professions Code section 17200 *et seq.*; cancellation of United States Trademark Registration Nos. 6,315,271, 6,315,466, and 6,315,464 under section 1 of the Lanham Act, 15 U.S.C. § 1064; cancellation of California Trademark Registrations under California Business and Professions Code section 14230 *et seq.*; and cancellation of Arizona Trademark Registrations under Arizona Revised Statutes section 44-1448.  (Second Am. Compl. ("SAC") (ECF No. 60).)

Defendants filed counterclaims on November 27, 2024, against Plaintiff and Alien Vape LLC, asserting nine causes of action for cancellation of United States Trademark Registration Nos. 4,517,249, 4,997,336, 5,081,681, 7,408,896, and

6,303,522 based on unlawful use, abandonment, non-use, and fraud on the United States Patent and Trademark Office ("USPTO"); and bringing a tenth cause of action for False Advertising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  (ECF No. 63.)  Defendants subsequently filed amended counterclaims on February 3, 2025, adding five causes of action for Copyright Infringement; California State Trademark Counterfeiting; Arizona State Trademark Counterfeiting; California Common Law Unfair Competition; and Statutory Unfair Competition under California Business and Professions Code section 17200 *et seq*.  (First Am. Countercls. ("Countercls.") (ECF No. 74).)  These additional counterclaims were added in response to Defendants discovery of a website, www.alienvapestore.com ("Infringing Website"), that allegedly features Plaintiff's marks in the URL and on the landing page but offers counterfeit versions of Defendants' cannabis vape products for sale.  (*Id*. ¶¶ 21–35, 203–35.)  Defendants allege that the website is not owned, operated, or authorized by Defendants, but is instead owned and operated by Plaintiff.  (*Id*.)

Defendants moved to dismiss Plaintiff's claims concerning his ALIEN PISS Mark and ALIEN Mark on November 27, 2024.  (Mot. Dismiss SAC (ECF No. 62).)  Plaintiff, in turn, moved to dismiss Defendants' counterclaims on February 20, 2025.  (Mot. Dismiss Countercls. (ECF No. 80).)  Both Motions were submitted without oral argument pursuant to Local Rule 230(g).  (ECF Nos. 73, 87.)

## LEGAL STANDARD

A party may move to dismiss a complaint for "lack of subject matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1).  Taking the allegations in the complaint as true, the court "must determine whether a lack of federal jurisdiction appears from the face of the complaint itself."  *Nat'l Fed'n of the Blind of Cal. v. Uber Techs., Inc.*, 103 F. Supp. 3d 1073, 1078 (N.D. Cal. 2015).  "The party asserting federal subject matter jurisdiction bears the burden of proving its existence."  *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

////

A party may also move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). However, if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

**I. Defendants' Motion to Dismiss Plaintiff's Claims Related to His ALIEN PISS and ALIEN Marks**

   **A.   Defendants' ALIEN PISS Mark**

Defendants argue that Plaintiff lacks standing to bring his first cause of action for trademark infringement under 15 U.S.C. § 1114(1) as to his ALIEN PISS Mark because Plaintiff's United States Trademark Registration No. 5,149,113 for that mark has been cancelled. (Mot. Dismiss SAC at 6–8.) In particular, Defendants argue that a trademark infringement action under section 1114 can only be brought by the "registrant" of a trademark in connection with infringement of a "registered mark," which is defined by the Lanham Act is "a mark registered in the United States Patent

and Trademark Office[.]" (*Id.* at 7 (citing 15 U.S.C. § 1127).) Thus, Defendants argue that Plaintiff's cancelled registration cannot support this claim. (*Id.* at 8.)

In opposition, Plaintiff concedes that the registration for his ALIEN PISS Mark has been cancelled, but argues that dismissal is unnecessary because his first cause of action is not premised on his rights in that mark. (Opp'n Mot. Dismiss SAC (ECF No. 66) at 3.) Having reviewed the Second Amended Complaint, however, Plaintiff alleges in his first cause of action that "Defendants' ALIEN LABS Mark and AREA 41 Mark infringe Sarieddine's ALIEN Marks and AREA 51 Mark and the ALIEN Registrations and AREA 51 Registration." (SAC ¶ 62.) Plaintiff defines his "ALIEN Marks" collectively as the "ALIEN VAPE Marks, ALIEN Mark, ALIEN KISS Mark, and ALIEN PISS Mark." (*Id.* ¶ 23.) Thus, Plaintiff's first cause of action is based, in part, on his ALIEN PISS Mark.

Accordingly, the Court will grant dismissal of Plaintiff's first cause of action to the extent it is based on the ALIEN PISS Mark.

**B.     Defendants' ALIEN Mark**

Defendants also argue that Plaintiff's trademark infringement, false designation, unfair competition, and cancellation claims must be dismissed as to Plaintiff's ALIEN Mark, as Plaintiff has failed to establish that mark has priority over Defendants' ALIENLABS Mark. (Mot. Dismiss SAC at 8–12.) In particular, Defendants argue Plaintiff's alleged first use date of September 9, 2020, for the ALIEN mark cannot support priority over Defendants' ALIENLABS Mark, which has been in use since 2014. (*Id.* at 8.)

Defendants are correct. "A successful trademark infringement claim under the Lanham Act requires a showing that the claimant holds a protectable mark, and that the alleged infringer's imitating mark is similar enough to 'cause confusion, or to cause mistake, or to deceive.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2005) (quoting *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117 (2004)). These elements are the same for claims for false designation of origin under 15 U.S.C. § 1125, California unfair competition, and California common

law trademark infringement. *See Brookfield Commc'ns, Inc. v. West Coast Ent. Corp.*, 174 F.3d 1036, 1046 n.6, 1047 n.8 (9th Cir. 1999) (holding the same legal standard applies to sections 32(1) and 43(a) of the Lanham Act); *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1221 (9th Cir. 2012) (holding that California state-law claims for trademark infringement and unfair competition are "subject to the same legal standards" as a Lanham Act trademark claim).

To establish a protectable ownership interest in a trademark, a plaintiff must demonstrate a priority of trademark use over the defendant's use. *See Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1039 (N.D. Cal. 2015). A trademark's registration with the USPTO is "prima facie evidence . . . of the registrant's ownership of the mark." 15 U.S.C. § 1115(a). Priority of use can also be shown where a party used a mark in commerce before another party. *See Dep't of Parks & Recreation for State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124–26 (9th Cir. 2006). If a claimant fails to plead facts supporting priority of use and a protectable ownership interest in a trademark, a motion to dismiss should be granted for failure to state a claim. *See, e.g., Sebastian Brown Prods.*, 143 F. Supp. 3d at 1039–41 (dismissing trademark infringement claims where plaintiff failed to plead facts supporting priority of use).

Here, the earliest use date Plaintiff pleads for his ALIEN Mark is September 9, 2020. (SAC ¶ 18.) He also pleads, however, that Defendants' ALIENLABS Mark has been in use since 2014. (*Id.* ¶ 29.) Thus, Plaintiff has failed to plead priority of use in his ALIEN Mark, and the Court will dismiss Plaintiff's first through seventh causes of action to the extent they are based on his ALIEN Mark with leave to amend.

II. **Plaintiff's Motion to Dismiss Defendants' Counterclaims**

   A. **Defendants' Standing to Bring their Counterclaims**

Plaintiff argues that all of the Defendants apart from Connected lack standing to bring their first through ninth counterclaims for trademark cancellation, eleventh counterclaim for copyright infringement, twelfth through thirteenth counterclaims for

6

trademark counterfeiting, and fourteenth through fifteenth counterclaims for unfair competition, as only Connected owns rights in the ALIENLABS Mark, AREA 41 Mark, and United States Copyright Registration No. VA0002395792 upon which these claims are based. (Mot. Dismiss Countercls. at 3–4.) Thus, Plaintiff argues these claims must be dismissed to the extent they are not brought by Defendant Connected.

In opposition, Defendants concede that Connected alone asserts the copyright infringement and trademark counterfeiting counterclaims. (Opp'n Mot. Dismiss Countercls. (ECF No. 83) at 5–7.) Thus, the Court will dismiss Defendants' eleventh through thirteenth counterclaims to the extent they are brought by any Defendant other than Connected.

However, the Court finds that all the Defendants have standing to bring the trademark cancellation and unfair competition counterclaims. First, to establish standing to seek cancellation of an allegedly invalid trademark registration, "the cancellation petitioner must plead and prove facts showing a 'real interest' in the proceedings . . . ." *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1034 (C.D. Cal. 2011), *aff'd*, 738 F.3d 1085 (9th Cir. 2013). In other words, a petitioner "must show a real and rational basis for his belief that he would be damaged by the registration sought to be cancelled, stemming from an actual commercial or pecuniary interest in his own mark." *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F.2d 346, 349 (9th Cir. 1984); *see* 15 U.S.C. § 1064 (standing to cancel a trademark registration is held by "any person who believes that he is or will be damaged, including as a result of . . . the registration of a mark"). "[N]umerous courts have concluded that being sued for trademark infringement is sufficient injury to confer standing to seek cancellation of a mark." *WM Int'l, Inc. v. Golden Lyon Inv. Co.*, No. CV 20-00995-CJC (JPRx), 2020 WL 6826485, at *2 (C.D. Cal. Nov. 5, 2020) (collecting cases); *see, e.g., Joshua Tree Brewery v. Balance Rock Brewing Co.*, No. 5:20-cv-00361-SHK, 2021 WL 4894270, at *8 (C.D. Cal. Sept. 15, 2021) ("Because Plaintiff's instant trademark infringement suit against Defendants seeks to enjoin Defendants from using its mark,

Defendants face damages if Plaintiff's trademark is not cancelled . . . [t]hus, the Court finds that Defendants have standing to pursue a cancellation claim against Plaintiff."). Here, Defendants have standing to challenge Plaintiff's trademark registrations because those registrations are being used to assert trademark infringement claims against them, and Defendants have alleged that they are damaged by Plaintiff's continued use of the registrations at issue.  (*See* SAC ¶¶ 59-63, 69-74; Countercls. ¶¶ 109-10, 119-20, 128-29, 137-38, 146-47, 153-54, 164-65, 177-78, 189-90.)  Thus, Defendants have sufficiently demonstrated standing.

Further, to establish standing under California's unfair competition laws, a plaintiff needs to demonstrate that it "(1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition."  *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009).  Here, Defendants allege that Plaintiff has unfairly competed with them by listing counterfeit versions of Defendants' ALIENLABS products for sale on the Infringing Website without Defendants' authorization.  (Countercls. ¶¶ 223-25.) Defendants allege that, as a result of Plaintiff's actions, they "have suffered, and are suffering, economic damages" because the public is likely to confuse the counterfeit ALIENLABS products with Defendants' authentic ALIENLABS products.  (*Id*. ¶¶ 225.) Defendants further allege they have suffered "irreparable harm to the value and goodwill associated with their ALIENLABS Trademarks and ALIENLABS product images, and associated reputations, brand values, and goodwill." (*Id*.)  The Court finds these allegations sufficient at this stage to support standing, as Defendants have plausibly pled they are suffering economic injury as a result of Plaintiff's sale of counterfeit products bearing their ALIENLABS Mark.  See *Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094, 1100 (9th Cir. 2024) (at the pleadings stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim").

////

Accordingly, the Court will not dismiss Defendants' first through ninth counterclaims for trademark cancellation or fourteenth through fifteenth counterclaims for unfair competition on standing grounds.

**B.    Sufficiency of Defendants' Seventh through Ninth Counterclaims Based on Fraud**

Plaintiff argues that Defendants' seventh through ninth counterclaims for cancellation of United States Trademark Registration No. 5,081,681 for his AREA 51 Mark, No. 4,997,336 for his ALIEN VAPE Mark, and No. 4,517,249 for his ALIEN VAPE Design Mark, all of which are premised on fraud, are not pled with particularity as required by Federal Rule of Civil Procedure 9. (Mot. Dismiss Countercls. at 5–6.) In particular, Plaintiff argues Defendants have not alleged any facts supporting their allegations that Plaintiff knowingly made false representations intended to deceive the USPTO when filing his trademark applications. (*Id.*)

The Court finds these counterclaims are sufficiently pled. Claims for trademark cancellation based on fraud have met the requirements of Rule 9 where claimants alleged facts describing the "who, what, why, and how" to support the cancellation claim. *See, e.g., Brutus & Barnaby, LLC v. Brutus Broth, Inc.*, No. 2:20-cv-09094, 2021 WL 3017516, at *4 (C.D. Cal. Apr. 2, 2021). Here, Defendants have pled that Plaintiff knowingly made material misrepresentations to the USPTO in the declarations filed for his trademark applications for the AREA 51, ALIEN VAPE, and ALIEN VAPE Design Marks by falsely stating the marks were being used in commerce when they were not. (Countercls. ¶¶ 155–90.) In addition, Defendants have pled specific facts supporting their allegations that Plaintiff was not using those marks in commerce, including that Plaintiff's nicotine-based products bearing those marks were not approved for sale by the Food and Drug Administration ("FDA"), and that Defendants were unable to purchase Plaintiff's products either in stores or online. (*Id.* ¶¶ 45–63, 93–101, Ex. A, Ex. B.) These allegations are sufficient under Rule 9 at this stage.

////

Accordingly, the Court declines to dismiss Defendants' seventh through ninth counterclaims.

### C. Sufficiency of Defendants' Tenth Counterclaim for False Advertising

Defendants allege that Plaintiff has made several misleading statements and representations about Plaintiff's products, including that they are approved by the FDA and are available for sale on www.alienvape.com, which harm Defendants' "ability to sell products under the ALIENLABS and AREA 41 trademarks." (Countercls. ¶¶ 191–202.) Plaintiff argues this counterclaim should be dismissed as Defendants have failed to plausibly plead this allegedly "false advertising" caused them harm in the form of lost sales or otherwise. (Mot. Dismiss Countercls. at 6.)

The Court agrees. To allege false advertising under the Lanham Act, a plaintiff must plead an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129, 131–32 (2014). Here, Defendants have failed to plausibly plead any injury to their sales or reputation as a result of Plaintiff's representations that his products are FDA-approved and sold on his website, www.alienvape.com. Indeed, Defendants have consistently argued that their goods are distinct from Plaintiff's goods, their marks are distinct from Plaintiff's marks, and that the Parties use different marking channels. (*See* ECF No. 46.) Thus, the Court fails to see, and Defendants have not explained, how the purported FDA-approval status of Plaintiff's goods or their availability for sale impacts Defendants' sales.

Defendants' tenth counterclaim will be dismissed with leave to amend.

### D. Sufficiency of Defendants' Eleventh through Fifteenth Counterclaims for Copyright Infringement, Trademark Counterfeiting, and Unfair Competition

Finally, Plaintiff argues that Defendants' eleventh through fifteenth claims, which are premised on Defendants' allegations that Plaintiff owns and operates the Infringing Website selling counterfeit copies of Defendants' goods, are purely

speculative as Defendants have alleged no factual basis for Plaintiff's alleged ownership of that site. (Mot. Dismiss Countercls. at 4–5.) Defendants, in opposition, argue they have alleged specific facts supporting the conclusion that Plaintiff owns or controls the site, including: (1) that the site was registered on September 28, 2024, nine days after the Court denied Plaintiff's motion for preliminary injunction; (2) the descriptions of "Alien Vape" in connection with the Infringing Website match the contents of www.alienvape.com, which is owned and/or operated by Plaintiff; and (3) the Infringing Website states to "visit us" in "Los Angeles," where Plaintiff is located. (Opp'n Mot. Dismiss Countercls. at 11–12; *see also* Countercls. ¶¶ 23, 30–32.)

Construing these facts in Defendants' favor, as the Court must at this stage, the Court finds that Defendants' allegations concerning the timing and content of the Infringing Website plausibly support Defendants' claim that Plaintiff owns or controls the Infringing Website. Accordingly, the Court declines to dismiss Defendants' eleventh through fifteenth counterclaims.

## CONCLUSION

In accordance with the above, it is hereby ORDERED:

1. Defendants' Motion to Dismiss (ECF No. 62) is GRANTED.
    a. Plaintiff's first cause of action is DISMISSED to the extent it is based on Plaintiff's ALIEN PISS Mark;
    b. Plaintiff's first through seventh causes of action are DISMISSED to the extent they are based on Plaintiff's ALIEN Mark; and
    c. Plaintiff is granted leave to file an amend complaint within fourteen (14) days of this order.
2. Plaintiff's Motion to Dismiss (ECF No. 80) is GRANTED in part.
    a. Defendants' tenth counterclaim is DISMISSED;
    b. Defendants' eleventh through thirteenth counterclaims are DISMISSED to the extent those claims are asserted by Defendants Sacramento Community Cannabis Collective,

MSTMA INC., Stockton Business Strategies, Caleb Counts, Ted Lidie, or Twenty Sixty-Nine, LLC; and

    c. Defendants are granted leave to file amended counterclaims within twenty-eight (28) days of this order.

IT IS SO ORDERED.

Dated: **June 25, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Sarieddine22cv2168.MTD