UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE SARIEDDINE,

          Plaintiff,

     v.

CONNECTED INTERNATIONAL INC., et al.,

          Defendants.

No. 2:22-cv-02168-DJC-AC

ORDER

Pending before the Court is Defendants' Motion to Dismiss Counts one through seven in Plaintiff's Third Amended Complaint as they relate to the ALIEN Mark and ALIEN Registration (collectively "ALIEN claims").   Previously, this Court dismissed Plaintiff's ALIEN claims because he failed to plead priority of use.  Plaintiff has since amended his allegations, claiming a first use date of late June/early July 2017.  For the reasons explained below, the Court GRANTS Defendants' Motion to Dismiss.

**BACKGROUND**

The facts are well known to the Parties, and the Court will discuss the procedural history and allegations relevant only to the instant Motion.  Plaintiff Mike Sarieddine filed suit against Defendants Connected International Inc. ("Connected"),

1

Sacramento Community Cannabis Collective, MSTMA Inc., Stockton Business Strategies, Twenty Sixty-Nine, LLC, and Ted Lidie alleging Federal Trademark Infringement, Federal False Designation of Origin, Cancellation of Federal Trademark Registrations, California common law trademark infringement, California statutory Unfair Competition, and Cancellation of state trademark registrations. (*See generally* Third Amended Complaint ("TAC") (ECF No. 97).) Plaintiff sells nicotine-related products under several trademarks, including the ALIEN Mark. (*See id.* ¶ 15.) Defendants sell cannabis-related products under an ALIENLABS Mark. (*See id.* ¶ 26.)

Plaintiff first raised allegations about the ALIEN Mark in his Second Amended Complaint. (*See* SAC (ECF No. 60) ¶ 18.)) Previously, the earliest date that Plaintiff pled for his ALIEN Mark was September 9, 2020. (*Id*.) This Court then granted dismissal of Plaintiff's first through seventh causes of action as they related to the ALIEN Mark because Plaintiff failed to plead priority of use. (June Order (ECF No. 95) at 5–6.) In his Third Amended Complaint, Plaintiff alleges the following in relation to the ALIEN Mark:

- While [Plaintiff] has used the term ALIEN as a trademark as part of his ALIEN VAPE Marks since 2008, [Plaintiff] has also used the ALIEN mark (the "ALIEN Mark") as a stand-alone mark since at least as early as late June/early July 2017 in connection with e-liquids and later in connection with vaporizers. [Plaintiff's] first use of, and priority date, of the ALIEN Mark predates any use by Defendants' of their infringing ALIENLABS Mark in connection with e-liquids and/or vaporizers, which did not occur until the summer of 2021. (TAC ¶ 18.)

- [Plaintiff] owns U.S. Trademark Registration No. 7,408,896 for the mark ALIEN for "Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarette liquid (e-liquid) comprised of propylene glycol; Electronic cigarette liquid (e-liquid) comprised of vegetable glycerin; Electronic cigarettes; Oral vaporizers for smokes" in International Class 34. (*Id.* ¶ 19.)

- For trademark purposes, Defendants' first use, and priority date, of ALIENLABS Marks does not extend back to 2014 or 2015 because any use at that time was in connection with marijuana and/or drug paraphernalia which is illegal and such unlawful use does not convey trademark rights.  (*Id.* ¶ 26 (citations omitted).)
- In 2017, Defendant Ted Lidie sold the cannabis portion of the ALIENLABS business to Connected.  However, Mr. Lidie retained the apparel portion of the ALIENLABS business, which appears to be run by Twenty Sixty-Nine.  (*Id.* ¶ 30.)

Defendants filed the instant Motion to Dismiss alleging that these allegations still fail to establish priority of use for Plaintiff's ALIEN claims.  Further, Defendants request attorneys' fees because they argue that Plaintiff's allegation of a first use date in 2017 is made in bad faith.  The matter is fully briefed and was submitted without oral argument.

**LEGAL STANDARD**

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  While the court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party," *Steinle v. City & Cnty. of San Francisco,* 919 F.3d 1154, 1160 (9th Cir. 2019), if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted, *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  This rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal,* 556 U.S. at 678.  In the same vein, conclusory or

formulaic recitations of elements do not alone suffice. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679. However, a court may not assume that the plaintiff "can prove facts that it has not alleged." *Associated Gen. Contractors of Cal., Inc., v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**DISCUSSION**

## I.   Materials Considered

### A. Judicial Notice

When considering a motion to dismiss, courts typically do "not look beyond the complaint to avoid converting a motion to dismiss into a motion for summary judgment." *Better Homes Realty, Inc. v. Watmore,* No. 3:16-cv-01607-BEN-MDD, 2017 WL 1400065, at *2 (C.D. Cal. Apr. 18, 2017) (citations omitted). However, Federal Rule of Evidence 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Although a document itself may be judicially noticed, that "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *EVO Brands, LLC v. Al Khalifa Group, LLC,* No. 2:22-cv-03909-AB-MAR, 2023 WL 5505002, at *3 (C.D. Cal. Aug. 14, 2023) (citing *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018). "A court may not take judicial notice of the truth of disputed factual matters at the pleading stage." *Id.* (citing *Lee v. City of Los Angeles,* 205 F.3d 668, 688 (9th Cir. 2001)).

Here, Defendants request judicial notice of several attached exhibits. The exhibits include USPTO registrations, state trademark registrations, and several documents filed to the USPTO regarding intent-to-use, requests for extensions of time

to file statements of use, a notice of abatement, and a request to revive an abandoned application.  Although the USPTO registrations may be subject to judicial notice, "they are noticeable only for the limited purpose of demonstrating that the filings and actions described therein occurred on certain dates."  *Pinterest, Inc. v. Pintrips, Inc.,* 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) (citation omitted).  Accordingly, the Court will judicially notice the USPTO Registrations for the limited purpose of establishing that the registration exists and declines to take judicial notice of the remaining documents.

Further, Plaintiff has incorporated the Certificate of Registration for Arizona Trademark Registration No. 9188725 for ALIENLABS and the Certificate of Registration for California State Trademark Registration No. 02006749 for ALIENLABS by reference in the TAC, such that it is appropriate for judicial consideration.  *See EVO Brands, LLC,* 2023 WL 5505002, at *4 (collecting cases).

### B.  Plaintiff's Declaration

In support of Plaintiff's Opposition, Plaintiff submits a Declaration from himself with Instagram posts from October 2017, April 2018 and July 2018 showing product packaging.  Defendants object to the document and argue that it should be stricken because it is improperly before the Court.  The Court agrees with Defendants.  Because such declaration is not the proper subject of judicial notice and is not incorporated by reference to the TAC, the Court strikes Plaintiff's Declaration.  *See Sun Nong Dan Foods, Inc. v. Kangnam1957, Inc.,* No. 2:23-cv-09779-WLH-RAO, 2024 WL 5440252, at *3 (C.D. Cal. Nov. 19, 2024) (striking a plaintiff's declaration attached to the opposition at the motion to dismiss stage where the declaration was not referenced in the complaint or the proper subject of judicial notice).

### II.    Plaintiff's Prior Use Allegations

Defendants seek dismissal of the ALIEN Claims on the grounds that (1) Plaintiff's 2017 allegations regarding the ALIEN Mark is contradicted by prior pleadings, sworn statements to the USPTO and Plaintiff's answer to Defendants' counterclaims and (2) even accepting the 2017 date, Plaintiff has still failed to establish priority of use.

Plaintiff argues that his allegations are not inconsistent and plausibly contend that his usage pre-dates Defendants'.

As an initial matter, the Court will consider Plaintiff's allegation of first use in the TAC.  Although the Court recognizes that this date differs from the one stated the SAC, the Court granted leave to amend so that Plaintiff could include additional allegations about priority of use.  Whether the allegations are plausible is another issue, but the Court declines to dismiss on the grounds that they are inconsistent with prior pleadings or statements to the USPTO at this time.  Accordingly, the Court proceeds to analyze whether Plaintiff has sufficiently alleged prior use.

Plaintiff asserts common law trademark infringement and Lanham Act claims against Defendants.  These claims require showing that Plaintiff (1) has a protectable ownership interest in the mark, and (2) that Defendant's use of the mark is likely to cause consumer confusion.  *See Sarieddine v. Connected Int'l Inc.,* No. 2:22-cv-02168-DJC-AC, 2025 WL 1768105, at *3 (collecting cases outlining the legal requirements for Plaintiff's common law and Lanham Act claims).  The plaintiff bears the ultimate burden of showing that the trademark is valid and protectable.  *See Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.,* 419 F.3d 925, 927–28 (9th Cir. 2005).  To state a claim for trademark infringement, false designation of origin, and unfair competition, the plaintiff must "plausibly allege" that he owns a valid trademark.  *Pinterest,* 15 F. Supp. 3d at 997–98 (citing *Intel Corp. v. Americas News Intel Pub., LLC,* No. C 09-05085-CRB, 2010 WL 2740063, at *2 (N.D. Cal. July 12, 2010)).  Likewise, for trademark cancellation based on likelihood of confusion, priority of use must be alleged.  *See 578539 B.C., Ltd. v. Kortz,* No. 14-cv-04375-MMM, 2015 WL 12670488, at *13–14 (C.D. Cal. Apr. 10, 2015) (citing *Herbko Int'l, Inc. v. Kappa Books, Inc.,* 308 F.3d 1156, 1161–62 (Fed. Cir. 2002)).

An ownership interest in a mark is demonstrated through priority of use. *Sengoku Works Ltd. v. RMC Int'l Ltd.,* 96 F.3d 1217, 1219 (9th Cir. 1996), *as modified,* 97 F.3d 1460 (9th Cir. 1996).  Use of a mark "typically occurs when a mark is used in

conjunction with the actual sale of goods or services" and "creates an association among consumers between the mark and the mark's owner." *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.,* 174 F.3d 1036, 1051 (9th Cir. 1999). Priority of use can be shown where a party used a mark in commerce before another party. *See Dep't of Parks & Recreation for State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124–26 (9th Cir. 2006). Additionally, registration on the principal register with the PTO is "prima facie evidence. . .of the registrant's ownership of the mark." 15 U.S.C. § 1115(a); *see also Brookfield*, 174 F.3d at 1047. "[O]nce a mark is registered, the registrant is granted a rebuttable presumption of ownership dating back to the filing date of the ITU application for federal registration." *Sebastian Brown Prods., LLC v. Muzooka, Inc.,* 143 F. Supp. 3d 1026, 1039 (N.D. Cal. 2015).

Here, the Court finds that Plaintiff has failed to allege priority of use. The earliest use date Plaintiff pleads for the ALIEN Mark is in late June/early July 2017. (TAC ¶ 18.) He alleges that Defendants' ALIENLABS Mark has been in use since 2014 but that any use at that time was illegal such that it could not support a trademark. However, the TAC includes allegations indicating that Defendants' use of the ALIENLABS mark had some lawful uses, specifically related to its use for goods such as apparel. (*See id.* ¶ 30.) Thus, Plaintiff has failed to plead priority of use and the Court GRANTS Defendants' Motion to Dismiss as it relates to the ALIEN Claims.

### III.    Leave to Amend

Requests for leave to amend should be granted with "extreme liberality." *Brown v. Stored Value Cards, Inc.,* 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted)). When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *Id.* (citing *Forman v. Davis,* 371 U.S. 178, 182 (1962)). Of the *Foman* factors, prejudice to the opposing party carried the most weight. *Id.*

(*Eminence Cap. LLC, v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003)).  Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.  *Eminence Cap. LLC,* 316 F.3d at 1052 (citing *Lowrey v. Texas A&M Unis. Sys.,* 117 F.3d 242, 245 (5th Cir. 1997)).  However "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990) (quoting *Ascon Props. Inc., v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989)).

Considering the above, the Court nevertheless finds that further amendment here would be futile.  In the June Order, the Court identified the issue which Plaintiff had to rectify.  After being given an opportunity to allege the dates needed to allege prior use, Plaintiff has failed to do so.[1]  Accordingly, leave to amend is DENIED.[2]

## CONCLUSION

For the reasons discussed above, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 100) and DENIES Defendants' Request for Attorneys' Fees.

IT IS SO ORDERED.

Dated:    **May 21, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] The facts alleged in the Plaintiff's attached Declaration also would not cure the deficiencies identified.

[2] The Court declines to exercise its authority to implement monetary sanctions and DENIES Defendants' request for attorney's fees.