UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE SARIEDDINE,

Plaintiff,

v.

CONNECTED INTERNATIONAL INC., et al.,

Defendants.

No. 2:22-cv-2168 DJC AC

ORDER

This matter is before the court on defendants' motion for a protective order/motion to quash third party subpoenas. ECF No. 142. This discovery matter is before the undersigned in accordance with Local Rule 302(c)(1). The required joint statement was filed on September 9, 2026 (ECF No. 148) and the motion has been taken under submission (ECF No. 149). For the reasons that follow, the motion is DENIED.

## I. Relevant Background

This case was initially filed on December 6, 2022, and the operative Third Amended Complaint ("TAC") was filed on July 10, 2025. ECF Nos. 1, 97. The parties are familiar with the facts of this case, and they are not fully reiterated here. Plaintiff raises claims against defendants under the Lanham Act for both infringement of a registered trademark and false designation of origin. ECF No. 97 at 15-17. He also alleges infringement of plaintiff's trademark rights under California common law, as well as violations of the Unfair Competition Law,

California Business and Professions Code § 17200 et seq. Id. at 18-19. Plaintiff otherwise seeks mark cancellation and injunctive relief enjoining use of the infringing marks, an order compelling the destruction of all materials that use the marks, compensatory damages, disgorgement of profits from infringing goods, and attorney's fees and costs. Id. at 22-23.

## II. Discussion

Defendants seek to quash a Rule 45 subpoenas issued by plaintiff to eight non-parties: Acquiom Agency Services LLC, One Tower Baklava, LLC, Catalyst-Fountain Valley LLC, Embarc LLC, Embarc Sacramento LLC, OTC Holdings, Inc, Stiiizy, Inc., and Trulieve, Inc. ECF No. 148 at 1-2.

A nonparty may be compelled to produce documents and tangible things via a Rule 45 subpoena. Fed. R. Civ. P. 34(c). Rule 45 permits a party to issue a "subpoena commanding the person to whom it is directed to attend and give testimony or to produce and permit inspection of designated records or things." Fed. R. Civ. P. 45(a)(1)(C). The recipient may object to a subpoena, or move to quash or modify it. Fed. R. Civ. P. 45(c)(2), 45(c)(3). "The district court has wide discretion in controlling discovery" and "will not be overturned unless there is a clear abuse of discretion." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). "[T]he court that issued the subpoena ... can entertain a motion to quash or modify a subpoena." S.E.C. v. CMKM Diamonds, Inc., 656 F.3d 829, 832 (9th Cir. 2011). The issuing court *must* quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person-except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A). Additionally, the issuing court *may* quash or modify a subpoena if it requires:

> (i) disclosing a trade secret or other confidential research, development, or commercial information;
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
>
> (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Fed. R. Civ. P. 45(c)(3)(B).

The Ninth Circuit has "yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." California Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997)). Under this general rule, plaintiff lacks standing to object to the subpoena on grounds of relevance or undue burden. A party cannot seek to quash a Fed. R. Civ. P. 45 subpoena except to the extent that it has "a personal right or privilege in the information sought to be disclosed." Freed v. Home Depot U.S.A., Inc., No. 18CV359-BAS (LL), 2019 WL 582346, at *2 (S.D. Cal. Feb. 13, 2019) (quoting Chevron Corp. v. Donziger, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013)).

A motion for a protective order, like a motion to quash, is generally available to the party from whom discovery is being sought. Under the Federal Rules of Civil Procedure, motions for protective orders are governed by Fed. R. Civ. P. 26(c), which states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c). District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,

307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)).

Here, defendants argue that the subpoenas issued to third parties are "irrelevant, harassing, and designed to damage Defendants' relationships with creditors and customers" and accordingly should be quashed, or a protective order should be issued. ECF No. 148 at 2-3. Defendants contend that plaintiff has not sought the discovery from the defendants or looked at publicly available information but instead is turning to third parties to inflict reputational harm and litigation costs to coerce a settlement from defendants. Id. at 3. Defendants argue that the subpoenas are neither relevant nor proportional to the case. Id. at 4.

Plaintiff argues, and the court agrees, that defendants are raising objections that belong to the third parties, not to defendants. The only assertion defendants make related to their own interest is and unexplained and conclusory statement that the "subpoenas seek irrelevant information related to Connected's proprietary and sensitive financial information." ECF No. 148 at 7. This one line, thrown into a larger argument on relevance, is insufficient. Should the subpoenaed third parties move to quash, arguments such as relevancy and proportionality may be considered, but these arguments are simply not available to defendants. Accordingly, the motion is denied.

## III. CONCLUSION

For the reasons set forth above, defendants motion (ECF No. 148) is DENIED.

IT IS SO ORDERED.

DATED: October 27, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE