UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE SARIEDDINE,

Plaintiff,

v.

CONNECTED INTERNATIONAL INC., et al.,

Defendants.

No. 2:22-cv-02168 DJC AC

ORDER

This matter is before the court on a motion to compel brought by plaintiff. ECF No. 130. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The parties submitted the required joint statement. ECF No. 131. For the reasons set forth below, the motion to compel is GRANTED in part and DENIED in part.

## I. Relevant Background

A. Third Amended Complaint

This case was initially filed on December 6, 2022, and the operative Third Amended Complaint ("TAC") was filed on July 10, 2025. ECF Nos. 1, 97. The parties are familiar with the facts of this case, and they are not reiterated here except as relevant to the motion. The TAC alleges that since 2008, Plaintiff had continuously sold products using the ALIEN VAPE trademark ("ALIEN VAPE Mark") and the related design mark ("ALIEN VAPE Design Mark"),

consisting of the ALIEN Mark next to a gray alien head and above the words "VAPE JUST GOT REAL!" ECF No. 97 at 4. Plaintiff at first sold electronic cigarettes, vaporizers, e-cigarette batteries, wax pens, canisters and containers, apparel, carrying pouches and e-cigarette liquid ("e-liquid"), and later expanded to selling CBD e-liquids, jars, and cannisters. Id. at 4-5. Plaintiff owns U.S. Trademark Registration Nos. 4,997,336 and 4,517,249, the federal trademark registrations for both ALIEN VAPE Marks ("ALIEN Registrations"). Id. at 5. Plaintiff also owns U.S. Trademark Registration No. 7,408,896 for the standalone word ALIEN ("ALIEN Mark" and "ALIEN Registration"), which he used as early as June 2017 in connection with e-liquids and later vaporizers. Id. Plaintiff also owns U.S. Trademark Registration No. 5,081,681for "AREA 51" ("AREA 51 Mark" and "AREA 51 Registration") in connection with the sale of similar products since April 30, 2013. Id. at 6. The TAC asserts that the ALIEN VAPE, ALIEN, and AREA 51 Registrations are uncontestable under 15 U.S.C. § 1065 and conclusive evidence of the respective Marks' validity. Id.

The TAC asserts that around 2014 or 2015, defendant Ted Lidie founded a cannabis growing brand called ALIENLABS, whose cannabis strains include one named AREA 41. Id. at 7. Plaintiff emphasizes that such use cannot establish trademark priority because it was solely used in connection with marijuana and drug paraphernalia, which is unlawful. Id. (citing AK Futures LLC v. Boyd St. Distro, LLC, 35 F.4th 682, 689 (9th Cir. 2022)). In 2017, Lidie sold the cannabis portion of the ALIENLABS business to defendant Connected International, Inc. ("Connected"), while retaining use of the ALIENLABS trademark ("ALIENLABS Mark") for clothing through defendant Twenty Sixty-Nine, LLC ("TSN"). Id. Connected also hired Lidie as its Brand Director, however, implying that Lidie authorized and participated in decisions by both companies to sell products under both ALIENLABS and AREA 41 trademarks. Id. at 8.

The TAC alleges that in the summer of 2021, defendants started using the ALIENLABS Mark to sell e-liquids and vaporizers, which infringes on the ALIEN Mark. Id. at 5. Connected also offers vaping products under the AREA 41 trademark (the "AREA 41 Mark") and promotional items like apparel under the ALIENLABS Mark. Id. at 8-9 The TAC further alleges that Connected owns federal and state trademark applications for the infringing marks and cited

the sales of the above websites as evidence of the marks' uses, implying that Connected licensed these uses and is liable. Id. at 12. As to applications with the United States Patent and Trademark Office ("USPTO"), Connected filed various applications for different uses of the ALIENLABS Mark in August and September 2020. Id. at 13-14, 20. The USPTO denied two applications, in connection with tobacco substitutes and electronic cigarette liquid with 0.3% THC concentration or less, based on a likelihood of confusion with plaintiff's ALIEN VAPE Registrations. Id. at 13-14. In doing so, the USPTO concluded that the marks and goods of both parties were similar. Id. The USPTO did, however, grant three applications as to use of the ALIENLABS Mark for tobacco jars, smokers' rolling trays, apparel, and online retail store services in relation thereto (collectively "USPTO ALIENLABS Registrations"). Id. at 20.

Plaintiff asserts claims under the Lanham Act for both infringement of a registered trademark and false designation of origin. Id. at 15-17. He also alleges infringement of plaintiff's trademark rights under California common law, as well as violations of the Unfair Competition Law, California Business and Professions Code § 17200 *et seq*. Id. at 18-19. Plaintiff otherwise seeks mark cancellation and injunctive relief enjoining use of the infringing marks, an order compelling the destruction of all materials that use the marks, compensatory damages, disgorgement of profits from infringing goods, and attorney's fees and costs. Id. at 22-23.

B. Procedural History

The operative Third Amended Complaint (ECF No. 96) was filed July 10, 2025. A motion to dismiss was filed on August 7, 2025. ECF No. 100. Plaintiff initially filed the instant motion to compel on March 13, 2026, while the motion to dismiss was pending. ECF No. 130. The parties filed the joint statement on April 1. ECF No. 131. On April 13, the undersigned continued the hearing on this motion to June 24, 2026. ECF No. 132. The continuance included an order to "engage in further meet and confer efforts" and to file a supplemental joint statement by June 17, informing the court which matters, if any, were no longer in dispute. Id. In the meantime, the motion to dismiss was granted by the district judge on May 22, 2026, who dismissed some claims in the TAC related to the ALIEN Mark and ALIEN LABS Mark. ECF

No. 133 at 7. Supplemental joint statement statements on discovery and procedural posture were filed, after which the motion to compel was taken under submission. ECF Nos. 137, 138, 140. Pursuant to the status reports, the district judge set a discovery deadline for December 1, 2026. ECF No. 141.

## II. Motion to Compel

A. Overview of Dispute

On May 2, 2023, plaintiff propounded his First Sets of Requests for Production of Documents ("RFP"), including 48 RFPs to Connected (ECF No. 131-3 at 2-12) and 47 RFPs apiece to the various corporate defendants in this case (ECF No. 131-3, 26-36, 38-48, 50-60). These defendants responded on June 1, 2023, with objections to every RFP. ECF No. 131-4, 131-5, 131-6 at 1-66. On December 26, 2025, plaintiff propounded a set of 15 RFPs onto defendant Lidie. ECF No. 131-3 at 62-68. Lidie responded on January 26, 2026, objecting to every RFP, producing responsive documents to some, and asserting that he had no responsive documents as to others. ECF No. 131-6 at 67-87. Every defendant provided supplemental responses to their respective RFPs on March 30, 2026. ECF No. 131-8. These responses included a list of Bates-stamped pages responsive to each RFP. Id.

Despite the amended responses, plaintiff moves to compel further production for three reasons. First, the responses' use of boilerplate objections, conditional promises to produce responsive documents, and open-ended reservation of supplementation are not compliant with the Federal Rules of Civil Procedure. ECF No. 131 at 13-18. Plaintiff therefore seeks amended responses that state objections with the required level of specificity, including whether any responsive documents are being withheld based on each objection. ECF No. 131 at 24. Second, plaintiff argues that defendants have not adequately described the search for responsive documents and seeks an order compelling identification of the custodians and data sources searched for responsive documents form what time period. ECF No. 131 at 18-20, 24. Finally, defendants' assertion that discovery is ongoing, and generalized promise to produce documents in the future, purportedly constitutes a failure to produce all responsive documents when asked. ECF No. 131 at 20-23.

B. Applicable Legal Standards

In a motion to compel discovery under Federal Rule of Civil Procedure 37(a), "[t]he party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995). The party opposing the discovery "has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." Id. (citing DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

////

C. Whether Responses were "Rule-Complaint"

Due to the volume of RFPs at issue, they are not each incorporated here but can be located on the docket at the exhibits to ECF No. 131. However, plaintiff's argument that defendants' responses are not rule compliant uses Request for Production Number 12 as an example and inaccurately quotes defendant's' response. ECF No. 131 at 15. The italicized portions below are what plaintiff included in the joint statement, the non-italicized portions are the full text.

> REQUEST FOR PRODUCTION No. 12:
>
> *Documents sufficient to identify the frequency, extent, and scope of Connected's Use of the ALIENLABS Mark and the AREA 41 Mark anywhere in the United States*, beginning with Connected's first use of the ALIENLABS Mark and the AREA 41 Mark anywhere in the United States.
>
> RESPONSE TO REQUEST FOR PRODUCTION NO. 12
>
> *Connected incorporates by reference its Preliminary Statement and each of its General Objections as though set forth fully herein. Connected further objects to this Request on the grounds that it seeks information that is not relevant to any claim, defense*, or issue raised in this litigation or reasonably calculated to lead to the discovery of admissible evidence. Connected objects to this Request to the extent *is vague and ambiguous* with respect to the phrase "frequency extent, and scope." Connected objects to this Request to the extent is seeks documents that are publicly available or in the possession of, known to, or otherwise equally available to Plaintiff. Connected further object to this request on the ground that ALIENLABS Mark" and "AREA 41 Mark" are vague and ambiguous to the extent plaintiff fails to identify the specific trademarks Plaintiff is referring to, either through trademark registration numbers or application numbers. Connected objects to this Request to the extent it *is not limited to a reasonable timeframe*. Connected objects to this request on the ground that it seeks documents or information that is protected from production by attorney-client privilege, work product immunity, and/or any other privilege, immunity, or exemption. Connected further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information or information that is otherwise commercially sensitive.
>
> *Subject to and without waiving the foregoing General and Specific Objections, Connected will produce documents in response to this Request when a confidentiality order is entered in this case, and then only under appropriate protections for such confidentiality.* Connected proposes that the partis find a mutually agreeable time to meet and confer to establish what specific information Plaintiff seeks with respect to this request. *Discovery is ongoing and Connected reserves the right to amend and/or supplement its response.*

////

Compare ECF No. 131-4 at 15-16 (actual response); ECF No. 131 at 15 (plaintiff's excerpted response).

Plaintiff's motion does not sufficiently present the case that defendants' responses to its discovery requests are noncompliant with the Federal Rules. It does not help that plaintiff inaccurately represents defendants' responses, and the court disagrees that defendants' responses are vague. The objections raised by defendants do not appear to the court to be impermissible or boilerplate. Legitimate objections, including objections to relevancy and scope, are raised and have not been not countered by plaintiff. The court finds no reason to compel defendants to supplement any particular responses.

D. Methodology of the Search

During the meet and confer process, plaintiff requested a search protocol disclosure detailing what custodians and systems were searched using what terms. ECF No. 131-2 at 9-10. Plaintiff repeats this request in his motion, while defendants argue that no authority entitles plaintiff to such information during discovery. ECF No. 131 at 19-20.

In responding to requests for production, a party must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, the responding party should so state with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence. Schessler v. Bass, No. 1:23-CV-01012-BAM (PC), 2025 WL 2207246, at *2 (E.D. Cal. Aug. 4, 2025) (citing Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010)). Courts have granted motions to compel further responses to discovery requests where the responding party "makes no specific showing of the details of the diligent search which he claims he conducted." Ford v. Wildey, No. 1:10-CV-01024-LJO, 2014 WL 2619595, at *4 (E.D. Cal. June 6, 2014).

Plaintiff has effectively argued that defendants failed to conduct a reasonable search for responsive documents and asks defendants to demonstrate that they did. Defendants' failure to address this point even in the joint statement is without explanation. The motion to compel

disclosure of a search protocol disclosure is granted.

E. Completion of Production

Beyond the fact-specific challenges to RFP responses, plaintiff objects to the fact that defendants have never clearly confirmed whether production is complete. ECF No. 131 at 20. Even the supplemental responses from March 2026 "reserve[] the right to amend and/or supplement" each response. See, e.g., ECF No. 131-8 at 8, 10, 17, 26. Defendants' response to this argument leaves the current state of production unclear, even as the discovery period draws to a close. In the initial joint statement, they argue that their supplemental responses provide Bates numbers for responsive documents and identify RFPs for which no further responsive documents exist. ECF No. 131 at 23. This is only true for some RFPs regarding defendants' own Marks, and the responses thereto still reserve the right to keep searching. ECF No. 131-8 at 121, 123, 188-89, 190, 255, 257. In a May 5, 2026 letter attached to the supplemental joint statement, defendants both reiterate that the RFPs were impermissibly broad and note that "Defendants have stated they were in possession of no further materials." ECF No. 138 at 7, 9.

At minimum, as set forth above, the court finds reasonable plaintiff's request for an order compelling defendants to definitively affirm that production is complete as to the disputed RFPs, or in the alternative produce any responsive, non-privileged documents that remain along with a privilege log as to any withheld documents. ECF No. 131 at 21. This request is granted.

**III. Conclusion**

Plaintiff's motion to compel (ECF No. 130) is GRANTED IN PART AND DENIED IN PART as follows: DENIED insofar as defendants are not required to supplement any particular discovery response; and GRANTED insofar as defendants shall provide plaintiff with a summary of search protocols, as well as a certification that production is complete, within 21 days of this order. Each party shall bear its own fees and costs.

DATED: October 27, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE